Patrick H. Quinn
vs
Orrin E. MacCue, Tax Collector of the City of Warwick
} Equity No. 390.

September 29, 1933.

FROST, J. Heard upon bill, answer and proof.

This is a bill of complaint brought to restrain the sale of a lot of land with improvements thereon, located in the City of Warwick.

This cause was heard with another bill of complaint brought against the same respondent by George B. Parker and numbered Equity 591.

From the bill it appears that certain real estate located in the then Town of Warwick and described as "Land & Bldgs., West side East Greenwich Road, Apponaug," was, on the 15th day of June, 1929, assessed to one Elizabeth G. Howard.

On or about March 1, 1933, the respondent served notice upon the complainant that the real estate above described was real estate in which he, the complainant, had the legal title. The complainant was warned that this real estate would be sold on April 1, 1933, for the tax levied on June 15, 1929.

It also appears that this land was aliened on the 5th day of September, 1929, by the heirs of Elizabeth G. Howard, who had deceased on the 23rd of August, 1927, and that after one or more conveyances it was conveyed on the 10th day of November, 1931, to this complainant; that the taxes assessed upon it for the years 1930, 1931 and 1932 were paid by this complainant.

The complainant prays that the respondent may be restrained from selling this real estate to satisfy the tax of 1929 and for grounds therefor says: (a) that the lien upon the land given by statute had been lost through lapse of time; (b) that the description of

the land is so indefinite and insufficient in law as to make the assessment invalid; (c) that the respondent advertised in the newspaper a sale of the property for April 22nd, while the only notice served upon him was for a sale on April 1st and that he had been given no notice of a sale on April 22nd; (d) that the assessment was invalid because made to a person who had long ago deceased and was not the owner on June 15, 1929.

Considering these grounds in their order, it is sufficient for the Court to say of complainant's contention that the statutory lien had been lost, that in the Court's opinion the first step to be taken by the tax collector is the written entry of his determination to sell property for taxes, made in the Levy Book, so-called, under a given date and under his signature. In this case, the entry in the Levy Book was made on December 30, 1930. In the Court's opinion, the lien given by statute (Section 3, Chap. 62, G. L. of R. I. 1923) was a valid lien upon this real estate in question, and still is, if the assessment was valid. The Court's reasons for overruling complainant's contention in the matter of the lien appear more fully in the rescript filed in Equity No. 591.

As to the alleged insufficiency of the description of the real estate, the Court is unable to accept the view of counsel. The description is meagre but by it the land can be accurately identified and that is the object of any description. It appears that the land is on the west side of the East Greenwich Road in the village of Apponaug and it appears by the testimony that no other land abutting on the westerly side of the same highway was owned by Elizabeth G. Howard.

Nor does the Court think it can be said that complainant did not have notice of the sale advertised for April 22. Notice was given of a sale on April 1st and the testimony shows that this sale was adjourned to April 22nd. As to this contention, see rescript filed in Equity No. 591.

Complainant's final contention is that the assessment of June 15, 1929, was invalid because made to Elizabeth G. Howard, who deceased on August 23, 1927.

Section 4 of Chap. 59, G. L. of R. I. 1923, is as follows:

"Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued so far as practicable: Provided, however, that no misdescription, defect in description, or mistake in valuation, so long as the estate assessed can be identified, shall be taken advantage of by any taxpayer in order to avoid the payment of a tax assessed against him, unless he shall have brought to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate, at such time as they may prescribe for the assessing of the tax."

The only portion of this section which is applicable to the present case is that part contained in the first line. In the situation before the Court, the person to whom the real estate was assessed was not the owner. That person had ceased to be the owner twenty-one months before the assessment.

Complainant's Exhibit 1 is a certificate from the office of the City Clerk showing that some time in the year ending December 31, 1927, the death of Elizabeth Gardiner Howard, who died on August 23, 1927, was registered in the City Clerk's office. In the opinion of the Court the tax assessors in 1929 were bound to take cognizance of this recorded death and in the absence of any testimony to the contrary were required to assess the real estate in question in accordance with Section 7 of Chap. 59, G. L. of R. I. 1923, which reads as follows:

"Undivided real estate of any deceased person may be assessed to the estate, or heirs, or devisees of the deceased, generally, until a record of a division be made, or until they give notice to the assessors of the division, * * * "

See in this connection Crafts et als. for an Opinion. (1918) 41 R. I. 63 at 70.

Counsel has cited to the Court no statute and the Court has found none which would relieve the assessors from assessing in accordance with section 7, just quoted, nor has any statute been found which cures the initial error, thereby allowing the sale of the land after notice to the complainant, the present holder of the land.

Section 8 of Chap. 59, G. L. of R. I. 1923, reads as follows:

"If, in assessing real estate, the same be assessed by mistake to a person not the owner, such tax may nevertheless be collected from such real estate: Provided, the same be described so as to be identified, and the party having the record title have notice of such assessment."

This statute is designed to cure certain errors in assessments but in the opinion of the Court it can have no application where the assessment is made to one who has deceased and under all the facts as they appear in the present case.

In the opinion of the Court the assessment as made, not being in accordance with statute was invalid from the beginning and the real estate is not subject to sale by reason of the non-payment of a tax based upon this invalid assessment.

The complainant is entitled to the relief sought.

For complainant: Quinn, Kernan & Quinn.

For respondent: Russel H. Hawkins.